Daniel McCarty, Respondent, v. The Altonwood Stock Farm and Others, Appellants.

*Default — where a cause is set down for trial on a day certain, by consent — terms imposed on opening it.*

When, through the fault of a defendant in not consenting to an adjournment on the call of the general calendar in the county of New York, he is left without witnesses when the cause is reached for trial on the day calendar on a day fixed by his consent, and he has compelled the plaintiff to attend at great expense, it is proper to impose, as a condition of opening the default then taken, that if the defendant is not ready when the cause is again reached, he shall reimburse the plaintiff for the expense incurred in coming to New York for the trial, remaining there and returning home.

The order opening such default should not, however, prevent the judge thereafter calling the calendar from granting a postponement of the time to enable the defendant to procure his testimony, if a proper case is made out, provided the defendant consent to pay the disbursements provided for in the order.

Appeal by the defendants, the Altonwood Stock Farm and others, from so much of an order of the Supreme Court, made at the New York Special Term, dated the 25th day of February, 1893, and entered in the office of the clerk of the city and county of New York, as is contained in the last three paragraphs thereof.

The order in question is as follows, omitting the introductory recitals:

" Ordered, that the stay, granted in and by the said order to show cause why the default should not be opened, be and the same hereby

is vacated, and the plaintiff is hereby permitted to enter judgment upon the verdict of the jury rendered upon the said inquest, and to docket the same, and that the said judgment shall stand as security for the payment of the claim in this action, until the further order of this court in the premises, and it is further

"ORDERED, that the defendants pay to the plaintiff's attorneys, within two days after service of this order upon the defendants' attorneys, the sum of $100, and it is further

"ORDERED, that this cause be restored to the General Circuit calendar of this court to be called upon Saturday, March 4th, 1893, in Part III of this court, and the clerk of this court is hereby ordered and directed to place this cause upon the said calendar for the purpose of fixing a day for the trial, and it is further

"ORDERED, that the defendants must try this action when it is again reached for trial, unless trial thereof is postponed by the trial court for cause, appealing to the court's discretion, or unless the plaintiff's attorneys consent to the postponement of the trial, and it is further

"ORDERED, that if the trial of this cause is postponed by the court against the objection of the plaintiff's counsel, and the plaintiff then returns to California before a second trial of this action has been had, the defendants must pay the necessary and reasonable expenses of the plaintiff in coming from the State of California to the State of New York for the purpose of attending the said inquest heretofore taken herein, and also the reasonable expenses of the plaintiff in remaining in this city since his arrival, and also the reasonable expenses of the plaintiff in returning to California upon his present trip, the amount of such expenses to be hereafter determined by the court, or a judge thereof, on notice to the defendants' attorney, and to be paid within two days after service of a copy of the order determining the same; and it is further

"ORDERED, that upon the failure of the defendants to comply with any of the conditions specified in the foregoing order, the said motion to open the said default be, and the same hereby is, in all respects denied, with ten dollars costs, and the plaintiff is at liberty to issue execution upon the judgment without further notice, but upon full compliance with the terms of this order, the default is hereby opened and the inquest set aside."

*James B. Lockwood,* for the appellants.

*Benjamin N. Cardozo,* for the respondent.

Per Curiam:

The terms are no doubt stringent, but upon the facts appearing we cannot say that the discretion vested in the court, and which was exercised in imposing such terms, has been abused. The defendants were alone responsible for their situation, which left them without their witnesses upon the trial and compelled the plaintiff, at great expense and inconvenience, to come from California for the purpose of trying the cause, which could have been obviated by defendants consenting to an adjournment. This would have given them in addition time to secure the attendance of their witnesses or to have their testimony taken.

Where, therefore, the fault was entirely on one side, and where, as here, the judge was of opinion that "this action is not defended in good faith," a situation was presented which might have warranted the denial of the motion to open the default. In granting it, however, the judge was no doubt impressed with the view that the plaintiff should be reimbursed to the extent that he was injured by the favor thus granted to defendants. To this end the cause was directed to be placed again upon the calendar for trial, and in the event that the defendants should not be ready and a postponement of the case should result, necessitating the return of the plaintiff to California, provision was made for the expenses which he should incur through defendants' fault in being obliged to come here, remain and return to his home. This expense the defendants can save by being ready for trial on the date as provided in the order; but if they wish further time to procure the testimony of absent witnesses — which we think should have been given them — then the plaintiff ought, to the extent provided in the order, to be reimbursed.

When we consider the object sought to be accomplished by the calling of the general calendar and the placing of causes on the day calendar certain for trial, it would be subversive of the whole plan if, as in this case, counsel for the defendants, to the disadvantage of the plaintiff, could consent to the trial of the cause for a fixed day,

and then, regardless of the trouble and expense to which such party and counsel might be put, move for an adjournment upon the ground that they never had been ready and had no assurance when they consented to have the cause set down for a day certain that they would be ready.

We think, therefore, that we should not interfere with the order, only it should not be construed as depriving the judge calling the calendar from granting a postponement of the time to enable the defendants to get their testimony if a proper case is made out, provided such defendants consent to pay the disbursements referred to in the order appealed from.

As thus modified, the order should be affirmed, without costs to either party upon this appeal.

Present — VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ.

Order modified as directed in opinion, and, as modified, affirmed, without costs to either party upon this appeal.